Good morning, Your Honors, and if it may please the Court, I'm Joseph Weisman on behalf of the appellant. Your Honor, in this appeal, the appellant takes the position that the trial court abuses discretion in refusing an evidentiary hearing on the appellant's motion to suppress evidence. What happened, as the record below reflects, the appellant's original trial counsel filed a motion to suppress. She complied with the dictates of Rule 41 at the time, which is still the same rule today, in which she filed her moving papers. And in the moving papers, albeit she did not affix an affidavit of a precipient witness, her moving papers were sufficient to trigger the Court's responsibility to consider and, in fact, in my view, have an evidentiary hearing on the merits. Rule 41e, as the Court knows, is silent as to any mandatory obligation to move forward in moving papers with an affidavit. It's a permissive rule. And moreover, the local rules for the Eastern District likewise do not mandate that the movant affix affidavits of a precipient witness with the moving papers. So consequently, it's our position that the appellant here, his moving papers were inadequate, and the Court abuses discretion in ruling that, in fact, there was a obligation on the movant's part to have some sort of declaration with the moving papers. Interestingly, I'm not going to go into the details of the moving papers, but I'm going to say that the appellant's moving papers were adequate, and the Court abuses  In the beginning of the papers, appellant's counsel did describe the sequence of events, what happened at the stop in Sacramento's, the subsequent detention of the defendant, taking the defendant to his home, and ordering the defendant to open his apartment. But interestingly enough, in the government's opposition, they filed, as the Court knows, their own declarations of the arresting officers. In reply, it's when the appellant did submit the first, if you will, affidavit. Now, albeit that affidavit was of the investigator, but yet that investigator corroborated the appellant's moving papers by describing what happened at the scene at the time of the arrest. Lastly, when the Court granted the appellant's motion to reconsider, it's then that indeed there were the affidavits of the three percipient witnesses, one including the actual defendant. So my view is that- Counsel, counsel, before you go on, how could the investigator corroborate the details? Was the investigator present? The investigator was not present, Your Honor, but what the investigator did, the investigator interviewed the two witnesses who, in the motion to reconsider, came forward with their own declarations. So when I'm referring to the corroboration, in the moving papers, appellant's counsel laid out a certain scenario. It is with the investigator's evidence to corroborate what she laid out by interviewing the witnesses. Now, in hindsight, perhaps in the opposition, or in the reply, rather, counsel should have submitted the declarations of the percipient witnesses, but that was eventually done in the motion to reconsider. So my view is that in the totality of the circumstance, when one looks at the procedural posture of the case, there was not only a sufficient showing in the beginning with the moving papers, certainly by the time the motion to reconsider was heard, there was everything that was needed to be- Is there any showing in the motion to reconsider that that was something that couldn't have been put in originally? No, Your Honor. As a matter of fact, there's nothing to suggest or to give the reasons why counsel did not submit the- Right. In the moving papers, but I don't think that that's a distinction that really merits a- Well, I don't know. In the standard summary judgment situation, there is an obligation when the – when someone puts in affidavits, one side puts in an affidavit saying this is – these are the facts. The other side has to put the facts at issue in order to get an evidentiary hearing. Now, why is this any different? Well, Your Honor, I think the difference is, in fact, we're dealing with a civil standard under the civil rules, Rule 56, which is quite detailed in terms of what it requires, as the Court knows, whereas you're dealing here with a criminal rule, which is Rule 41, which, in reading the rule, as I said a moment ago, does not mandate the – an affidavit coming forward. If the – if Your Honor's question is to, well, at the point that the government filed this opposition and when the government then submitted the affidavits of the officers, what obligation did the movement have at that point? I don't know if the – if the criminal rules say anything about requiring a reply affidavit, but nevertheless, what Acres Counsel did here is did indeed supply an affidavit, albeit of the investigator. And the district court had problems with that because the district court, as indicated in the record, felt that that was rightfully so hearsay. But yet I think the standard, in my view, is that looking at the investigator's affidavit, that supported the moving papers. And even with the moving papers, I believe there was sufficient standard made to have an evidentiary hearing. Well, why doesn't your bottom line come out to be you always get an evidentiary hearing simply on the basis of the statements made by the counsel for the or the counsel's employees? I'm not suggesting that that is in all cases, that if the moving party merely makes certain statements in the moving papers, they're entitled to a hearing. That's not my point. I believe that the moving papers in this case were sufficient to trigger the evidentiary hearing. But if one were to quibble about that, my view is that, again, looking at what happened procedurally in this case, certainly by the time the motion to reconsider was heard, there was more than enough to trigger the obligation. And, again, we're not dealing with a Rule 56 issue, and so I suggest there is a difference there. Okay. I think we understand your position, if you want to. Very well. Counsel, could I ask you what's your best case authority to support your argument that the district court abused its discretion in not ordering an evidentiary hearing in this case? Your Honor, I think Warrington and Cohen both decided the Cohen case decided by this Court is my best argument, my best precedent to support the proposition that there is an abuse of discretion in a case such as this. And if I may just briefly respond to counsel provided the Court with two cases, Wardlaw and Terry, which I believe support my position, because in one case, this was a local rule, I believe it was Wardlaw, the holding was there was a local rule that required an affidavit. In Wardlaw, the defendant did not satisfy the requirements, and therefore this Court said that it was not an abuse of discretion to deny an evidentiary hearing. Eastern district rules do not have the mandatory language that was in Wardlaw. And in Terry, you had a situation where there was a general order, but this Court decided that the appellant, the defendant appellant, did not have notice of that local general order and therefore decided it was an abuse of discretion not to hold the hearing. And so on that, Your Honor, I'll reserve a couple of minutes unless the Court has any further questions. Good morning, Your Honor. May it please the Court. Matthew Siegel for the United States. Since the proceedings in the district court, we've been saying that there is no – we are aware of no case where a district court is reversed for abusing its discretion by denying an evidentiary hearing where on one side there are affidavits from percipient witnesses and on the other side there are merely unsworn affirmance of counsel in a memorandum in support followed by in reply a hearsay affidavit that in one respect even contradicts the narrative that's articulated in the memorandum in support. And there still isn't one of those cases that we've been able to find. Indeed, as far as I can tell, every case where a district court was reversed except for Terry, which I'll get to in a moment, involved affidavits submitted by the moving party, because since day one, since Warrington, the 1955 case that's cited in the appellant's brief, the courts have been concerned that Rule 41 procedures can be abused by moving parties in order to obtain discovery. You know, if you have an evidentiary hearing, then the entire sort of machinery of discovery, giglio, janks, everything, and cross-examination is mobilized, and that is something that has to be earned. It also takes the court's time. As Judge Burrell remarked at page three of the hearing transcript, he was in the middle, that court was in the middle of a criminal trial and took substantial time to review the memorandum in support and the nonexistent moving party attachments, and then the affidavits or declarations of the police officers, and then, all right, so that took a lot of time. And then what the defendant was telling the court was that the evidentiary hearing that she was requesting, that counsel was requesting, would take a half a day to a day on no factual showing at all. And certainly the district court has discretion in a situation where there's no assurance that it's, that this is a serious, material, factual dispute, that there's an actual contested issue of fact, as opposed to fact versus argument. The court has discretion to deny a hearing. Now, counsel's raised Wardlow and Terry, which I've cited to the court. Wardlow says that, first, in those cases, those are automatic denials of a defendant's motion for, for, motion to suppress a hearing. And that's a motion to suppress without an evidentiary hearing, where there's no evidence at all in those records that the government submitted any affidavit or any evidence at all. The rules in, in Ward, the rule in Wardlow requires any defendant who's going to file a motion to suppress to attach his personal affidavit. And Wardlow says that's fine, regardless of what the government does. With no government evidentiary attachments, it's motion denied, no evidentiary hearing. And if, and if that is constitutionally permissible, then surely it is within, it was within Judge Burrell's discretion to deny an evidentiary hearing where there was no clash in evidence whatever. Now, the Court has, has inquired about whether there was an, an excuse for not submitting the evident, the affidavits at the beginning. One, there's, there's certainly no reason why the defendant himself couldn't have attached something. He had, he would not be waiving Fifth Amendment protection under Simmons. And actually, in the transcript of the hearing, which is Excerpts of Record 6 at page 12, the defense attorney does explain why there's the sort of, she explains that it would be too much trouble to send the investigator out in the field and get draft affidavits from these third-party witnesses, but they probably would sign them. I mean, who knows? What we do know is that, is that this was a tactic to get two bites at the apple. In the transcripts, she says that, counsel says that she wants a decision on the papers, but then if, and this is at page 15 of the transcript. Your Honor, does the Court have any questions? How would you state the issue that's before us right this minute for decision? How would I state the issues? Yes. No, the issue, the main issue, the, the, the question that we're going to have to resolve. Whether it's an abuse of discretion for a district court to deny an evidentiary hearing where on one hand there are affidavits from percipient witnesses and on the other hand there's argument and an affidavit from somebody giving out-of-court statements that might be relevant. That is, I think, the issue. All right. Any questions? Thank you, Your Honor. El. Just briefly, Your Honors. The, the point, the point here I think that's important is that we are, counsel in the trial court was left without, without clear guidance as to what was supposed to occur within the Eastern District. Again, there is no local rule that makes it mandatory. And I think that the difficulty, though, you, the difficulty, and you can tell me whether we're wrong, a court has discretion to, to, to order or not order the hearing. Isn't that so? Absolutely. And that's the key of the case. And we, and we want to say the Court abused its discretion. Then we have to look at a record, don't we, which says no judge, reasonable judge, under these circumstances would deny a hearing. Your, Your Honor, in, in my view, is that under these circumstances, within the four quarters of this case, it was an abuse, it was an abuse of discretion not to grant the hearing because of the posture of the case. We understand. Thank you, Your Honor. Thank you, counsel. The case just argued is submitted for decision.
judges: Schroeder, Farris, Rawlinson